UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRIAN T. SULLIVAN,                                              :

                          Plaintiff,      :      04 CV 3994 (GEL) (JCF)

   -- against --                                                  :

ALAIN KODSI; LOUIS GRECO, individually                          :
and as successor trustee of the Gamcrefk Trust;
the GAMCREFK TRUST; GEORGETTE                                   :
KODSI; and RACHEL FOSTER, individually
and as guardian of her children,                                :

                         Defendants.    :
-----------------------------------------------------------------x

### DECLARATION OF JONATHAN A. WILLENS

      JONATHAN A. WILLENS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am an attorney admitted to practice in the State of New York. I represent the five defendants in this action. This declaration is submitted in support of defendants' motion pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure to dismiss the complaint.

      2.      This declaration is based on my personal knowledge of this action and on a review of documents relating to the three other actions brought by the plaintiff against Mr. Kodsi in Illinois, Pennsylvania and Delaware, as described below.

      3.      I attach as exhibits to this Declaration true copies of the following documents:

Exhibit A    The Summons and Complaint in this action, dated May 26, 2004.

Exhibit B    The Fourth Amended Complaint in <u>Sullivan v. Kodsi, et al.</u>, No. 00 L 1973, in the Circuit Court of Cook County, Illinois (the "Illinois Action").

Exhibit C    Transcript of the Deposition of Alain Kodsi in the Illinois Action, dated April 24, 2002.

      Exhibit D      Kodsi Family Trust Agreement, dated December 31, 1997, with subsequent appointments of successor trustees.

4. In the Illinois Action, Sullivan asserts a variety of claims based on an alleged oral agreement. *See* Exhibit B, ¶ 16. These claims include breach of contract, breach of a joint venture agreement, breach of a partnership agreement, and breach of an employment agreement. *See* Ex. B, ¶¶ 65, 95, 124, 129. In addition, Sullivan asserts claims under Illinois fraudulent conveyance laws for some of the same relief that he seeks here: an order freezing the assets of the trust and attaching those assets to satisfy any judgment in the Illinois case. *See* Ex. B, ¶¶ 148-177. Although the court recently declined to dismiss those fraudulent conveyance claims, Sullivan's motion for a pre-judgment attachment of trust assets was denied.

5. This is the Fourth Amended complaint in the Illinois Action. The previous three complaints were dismissed by the court.

6. There has been no decision on the merits in the Illinois action. The parties are engaged in discovery. No trial date has been scheduled.

7. Sullivan has also sued Mr. Kodsi in federal court in Delaware, where one of the previous trustees of the GAMCREFK Trust is located. That action, <u>Sullivan v. Neuberger Berman Trust Co., Kodsi, et al.</u>, No. 04-317 (JJF) (D. Del.), is in its early stages and the court has entered no ruling on the merits. Sullivan also recently filed an action in Pennsylvania state court entitled <u>Sullivan v. Geddes and Kodsi</u>, No. 04-6334 (Court of Common Pleas, Delaware County). Both of these actions seek relief under the fraudulent conveyance laws for the alleged transfers to the Kodsi family trust.

8. It is apparent to the defendants in these actions that Sullivan is attempting to use this Court, the District Court in Delaware, and the state court in Pennsylvania to increase the litigation expenses of Mr. Kodsi and the trust, and to enhance the nuisance value of his baseless action in

2

Illinois.

9. Plaintiff asserts that Mr. Kodsi "retains control of, and the benefit of, the assets held in the Trust." *See* Complaint, ¶ 39. This allegation is contradicted by the Trust Agreement. Mr. Kodsi is not a beneficiary of the Trust and has no interest of any kind in the assets of the Trust. Unlike the "asset protection trusts" commonly used by defendants who are trying to hide their assets, the Kodsi family trust is a permanent, irrevocable trust established for the benefit of Mr. Kodsi's family before Sullivan had any claim against him.

10. The Kodsi family trust is located in New York, not in an offshore jurisdiction or in one of the states that offers more protection to trusts. Although the trust agreement allows the trustee to relocate the trust to a more favorable jurisdiction, he has not done so. *See* Ex. D, 28-29. Further, the assets in the Kodsi family trust cannot revert to Mr. Kodsi, and he is not a beneficiary of the trust. *Id.*, 2. The transfer of assets is genuine, and permanent. *Id.,* 29 (declaring the trust to be "irrevocable").

11. The complaint alleges that Mr. Kodsi created the Trust in order to defraud his creditors. *See* Complaint, ¶ 50. This allegation is based, in part, on testimony provided by Mr. Kodsi in the Illinois case in April 2002. Mr. Kodsi did not testify that he intended to shield assets from his creditors. *See* Ex. C, 376-77.

12. Mr. Kodsi testified that he transferred assets into the Trust for a variety of reasons, on the advice of counsel. *See* Ex. C, 376-77. Among other things, "I formed [the Trust] in order to provide security for my mother and my wife and to insulate investments from any business activities that I was involved with." *Id*., 376. When asked to specify these business activities, Mr. Kodsi testified that Connector Service Corporation had "potential environmental liabilities," and the transfer of CSC stock to the Trust was timed to avoid imputing those liabilities to the Trust. *Id*., 378.

Again, Mr. Kodsi testified that the timing of the transfer was decided by his attorneys.  *Id*., 379.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
      July 23, 2004

                                        Jonathan A. Willens, Esq.