JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

04 CV 3994

ECF CASE



---

BRIAN T. SULLIVAN,

    Plaintiff,

v.

ALAIN KODSI; LOUIS GRECO; individually and as successor trustee of the GAMCREFK TRUST; the GAMCREFK TRUST; GEORGETTE KODSI; and RACHEL FOSTER, individually and as guardian of her children,

    Defendants.

Case Number:

Jury Trial Demanded

---

## COMPLAINT

Plaintiff Brian T. Sullivan ("Sullivan"), by his undersigned attorneys, for his Complaint against Defendants Alain Kodsi; Louis Greco, individually and as successor trustee of the GAMCREFK Trust; the GAMCREFK Trust; Georgette Kodsi; and Rachel Foster, individually and as guardian of her children, alleges as follows:

### THE PARTIES

1.     Plaintiff Brian T. Sullivan ("Sullivan") is a citizen of and is domiciled in Illinois.

2.     Defendant Alain Kodsi ("Kodsi") is a citizen of and is domiciled in New York.

3.     Defendant Louis Greco ("Greco") is a citizen of and is domiciled in New York.

4.     Defendant GAMCREFK Trust (the "Trust") is a trust, governed by the laws of New York, whose sole trustee is Greco and, upon information and belief, whose assets are situated in substantial part in New York.

5.     Defendant Georgette Kodsi is a citizen of and is domiciled in New York.

6.     Defendant Rachel Foster ("Foster") is a citizen of and is domiciled in New York

## SUBJECT MATTER JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as this is a dispute between citizens of different States and the amount in controversy exceeds $75,000.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(1) because, upon information and belief, a substantial part of the property that is the subject of the action is situated in this district.

## BACKGROUND

9. On or about December 23, 1997, Defendant Kodsi was sued by his former partner, Jeffrey Briggs, in California.

10. On December 31, 1997, Kodsi formed the Kodsi Family Trust. In or about July 1999, Kodsi changed the name of his trust from the "Kodsi Family Trust" to the "GAMCREFK Trust".

11. The trust agreement for the Trust expressly states that it is governed by New York law.

12. Kodsi is the settlor of the Trust.

13. All of the beneficiaries of the Trust live in New York.

14. Kodsi has admitted under oath that the purpose of the Trust is to shield Kodsi's assets from his business activities and creditors.

15. Foster is Kodsi's spouse and a beneficiary of the Trust.

16. Georgette Kodsi is Kodsi's mother and a beneficiary of the Trust.

17. The children of Kodsi and Foster are also beneficiaries of the Trust.

18. Although Kodsi has obstructed Sullivan's efforts to learn the details of the Trust and his transfers to the Trust, sometime between its formation and June of 2000, Kodsi transferred all or substantially all of his assets into the Trust.

19.     In June 2000, Kodsi transferred his ownership interest in Connector Service Corporation into the Trust (the "Connector Service Transfer"). The Connector Service Transfer was part of the original purpose of the Trust, i.e. to shield Kodsi's assets from his business activities and his creditors.

20.     In October 1998, the Court in Connector Service Corp. v. Jeffrey Briggs, (Case No. 97 C 7088, Northern District of Illinois, Eastern Division), held that Connector Service Corporation had a value of $25 million as of December 1997. At the time of this ruling, Kodsi owned fifty percent of Connector Service Corporation.

21.     At the time of the Connector Service Transfer (in June 2000), the estimated value of Connector Service Corporation was $57 million, and Kodsi owned fifty per cent of the company.

22.     In February 2001, a third-party paid in excess of $20 million for the Trust's fifty percent ownership interest in Connector Service Corporation.

23.     The original trustee of the Trust was an Illinois resident.

24.     Jon Scott Geddes, a resident of Pennsylvania, was the first successor trustee. Based on information provided by Kodsi to Sullivan, Jon Scott Geddes became the second trustee by no later than on or about March 27, 2000 but possibly as early as on or about January 15, 1998.

25.     Neuberger Berman Trust Company of Delaware was the second successor trustee of the Trust. Neuberger Berman Trust Company of Delaware became the third trustee on or about August 7, 2001.

26.     Greco is the third successor trustee of the Trust. Greco became the fourth trustee of the Trust on or about May 3, 2004.

27.     Legal title to the assets in the Trust were transferred to the trustees on or after the date they became trustees.

28. None of the trustees provided any consideration to Kodsi, the predecessor trustees, or the Trust's beneficiaries for the assets nor did they pay the reasonably equivalent value in exchange for any of the assets.

29. On information and belief, each of the trustees knew of Sullivan's dispute with and legal claims against Kodsi prior to becoming trustees.

30. On information and belief, each of the trustees knew that the intended purpose of the Trust was to shield the assets transferred into the Trust from Kodsi's creditors.

31. On information and belief, each of the trustees acquiesced in the Trust's fraudulent purpose and administered the Trust with that purpose in mind.

32. The trust agreement for the Trust provides that each of the Trust's trustees are entitled to exoneration out of the assets held in the Trust.

33. On information and belief, each of the Trust's beneficiaries have received or are entitled to receive the benefit of the assets fraudulently conveyed into the Trust.

34. In or about February 2000, Sullivan filed suit against Kodsi among others in the Circuit Court of Cook County Illinois, titled <u>Brian T. Sullivan v. Alain Kodsi, et al.</u>, Cause No. 00 L 1973 (the "Illinois Case").

35. In the Illinois Case, Sullivan alleges that Kodsi is liable to Sullivan arising out Kodsi's denial of Sullivan's right to invest in a company known as Industrial Powder Coatings, Inc. through its acquiring company, Industrial Powder Coatings Acquisition Corp. Sullivan was excluded from this investment on February 27, 1998, and the acquisition of Industrial Powder Coatings Acquisition Corp. was completed on June 15, 1998.

36. In the Illinois Case, Sullivan seeks damages against Kodsi individually of at least $13 million.

37. Sullivan is one of Kodsi's creditors.

38. In January 2001, Kodsi claimed that his net worth was purportedly $100,000, which did not include the value of the assets held in the Trust.

39. At all relevant times, Kodsi retained and currently retains control of, and the benefit of, the assets held in the Trust. Specifically, in that connection, among other things:

    A. On information and belief, Kodsi caused the Trust, directly or indirectly, to pay a judgment believed to be in excess of $1 million against Kodsi in favor of the Securities and Exchange Commission for insider stock trading in the case of <u>Securities & Exchange Commission v. Rodolfo Luzardo, Elias Kodsi, and Alain Kodsi</u> (01 Civ. 9206, USDC Southern District NY, 2001);

    B. On information and belief, Kodsi caused the Trust, directly or indirectly, to provide him with funds to invest (with others) in the $2.5 million purchase of a hotel building in Brooklyn, New York in November 2003;

    C. Among the assets Kodsi transferred into the Trust is a membership interest in the company called MG Capital, LLC. On information and belief, Kodsi continued and continues to direct MG Capital's business affairs to his personal benefit even though he is no longer a member/manager of MG Capital;

    D. On information and belief, Kodsi directed and continues to direct MG Capital's litigation efforts to benefit Kodsi even though he is no longer a member/manager of MG Capital, and no longer has a direct ownership interest in the company;

    E. Kodsi settled the Trust and dictated who the beneficiaries were and under what circumstances the beneficiaries would benefit from the

trust. In particular, Kodsi's wife, who is currently a beneficiary, would cease to be a beneficiary in the event she and Kodsi are no longer married, for whatever reason;

F. Kodsi has retained the power of appointment over the trustee of the Trust thereby maintaining control over the management of the Trust;

G. On information and belief, Kodsi directs the trustee as to how the Trust assets are invested;

H. Some or all of Kodsi's living expenses are directly or indirectly paid for from the Trust's assets; and

I. On information and belief, Kodsi's substantial litigation expenses incurred in the Illinois Case have been paid for, directly or indirectly, from the Trust's assets ever since the case was filed more than four years ago.

40. Sullivan's claims against Kodsi arose before some or all of the transfers into the Trust and to its trustees.

41. Sullivan sued Kodsi before some of the transfers into the Trust and to its trustees including, but not limited to, the Connector Service Transfer.

42. The damages Sullivan claims in the Illinois Case far exceed Kodsi's purported net worth, which does not include the value of the assets held in the Trust.

43. The transfers into the Trust, including the Connector Service Transfer, constituted all or substantially all of Kodsi's assets.

44. Kodsi did not receive any consideration and did not receive a reasonably equivalent value in exchange for any of the transfers to the Trust and/or its trustees.

45. Kodsi was insolvent or became insolvent at the time the transfers (including the Connector Service Transfer) were made, and thus unable to satisfy his debts including his debt to Sullivan.

46. Kodsi made the transfers, including the Connector Service Transfer, into the Trust and to its trustees, with the actual intent to hinder, delay or defraud Kodsi's creditors including Sullivan. Specifically, Kodsi has admitted in sworn testimony in April 2002, that he caused the transfers to the Trust, including but not limited to the Connector Service Transfer, in order to "insulate [Kodsi's] investments from any business activities that [Kodsi] was involved with."

47. Because the damages claimed by Sullivan in the Illinois Case far exceed Kodsi's purported net worth, Kodsi believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

48. Greco holds and the Trust's prior trustees held the property in the Trust under such circumstances that in equity and good conscience Greco and the Trust ought not to be allowed to retain the property.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Conveyance Claim**
**Against Kodsi; and Greco Individually)**

49. Sullivan repeats, realleges and incorporates by reference Paragraphs 1 through 48 of this Complaint as Paragraph 49, as if fully set forth herein.

50. Kodsi's transfers of his assets into the Trust, including but not limited to the Connector Service Transfer, were made with actual intent to hinder, delay and defraud Kodsi's creditors including Sullivan.

51. Greco did not take the transfers from the predecessor trustee in good faith.

52. Greco did not take the transfers from the predecessor trustee for value.

53. Greco is liable, individually and in his capacity as trustee, for the fraudulent conveyances.

54. Greco is entitled to exoneration out of the assets in the Trust for acts taken while trustee of the Trust.

### SECOND CLAIM FOR RELIEF
### (Fraudulent Conveyance Claim
### Against Kodsi; and Greco Individually)

55. Sullivan repeats, realleges and incorporates by reference Paragraphs 1 through 48 of this Complaint as Paragraph 55, as if fully set forth herein.

56. Kodsi's transfers of his assets into the Trust were made without fair consideration. Further, at the time of those transfers Kodsi was or thereby became insolvent.

57. Sullivan repeats, realleges and incorporates by reference Paragraphs 51 through 54 of this Complaint as Paragraph 57, as if fully set forth herein.

### THIRD CLAIM FOR RELIEF
### (Fraudulent Conveyance Claim
### Against Kodsi; Greco as Trustee of the Trust;
### The Trust; Georgette Kodsi; and Foster,
### Individually and as Guardian of her Children)

58. Sullivan repeats, realleges and incorporates by reference Paragraphs 1 through 48 of this Complaint as Paragraph 58, as if fully set forth herein.

59. Kodsi's transfers of his assets into the Trust, including but not limited to the Connector Service Transfer, were made with actual intent to hinder, delay, and defraud Kodsi's creditors including Sullivan.

60. All of the Trust's trustees are entitled to exoneration out of the assets of the Trust for acts taken while trustee of the Trust.

61. On information and belief, the assets of the original trustee and the first successor trustee are insufficient to satisfy Sullivan's damage claims in the Illinois Case.

62. The trust agreement for the Trust maintains an intent to confer on third parties such as Sullivan the power to reach trust property and apply it to the satisfaction of their claims, including Sullivan's claim here, against the trustees of the Trust.

63. Sullivan is entitled to have his claims against Kodsi satisfied out of the assets held by Greco in trust. Accordingly, Greco is liable in his representative capacity as trustee of the Trust.

### FOURTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Claim Against Kodsi; Greco as Trustee of the Trust; the Trust; Georgette Kodsi; and Foster, Individually and as Guardian of her Children)

64. Sullivan repeats, realleges and incorporates by reference Paragraphs 1 through 48 of this Complaint as Paragraph 64, as if fully set forth herein.

65. Kodsi's transfers of his assets into the Trust were made without fair consideration. Further, at the time of those transfers, Kodsi was or thereby became insolvent.

66. Sullivan repeats, realleges and incorporates by reference Paragraphs 60 through 63 of this Complaint as Paragraph 66, as if fully set forth herein.

WHEREFORE, Plaintiff Brian T. Sullivan requests that this Court enter judgment in his favor and against Defendants Alain Kodsi; Louis Greco, individually and as successor trustee of the GAMCREFK Trust; the GAMCREFK Trust; Georgette Kodsi; and Rachel Foster, individually and as guardian of her children as follows:

    A. With respect to the First and Second Claims for Relief, granting the following relief:

1. Entry of a monetary judgment in favor of Plaintiff, and against Defendants Alain Kodsi and Louis Greco individually in an amount sufficient to satisfy Plaintiff's claim against Defendant Alain Kodsi or, in the alternative, the entry of a monetary judgment in favor of Plaintiff, and against Defendants Alain Kodsi and Louis Greco individually in an amount to be determined but no less than the judgment awarded to Sullivan in the Illinois Case;

2. Setting aside the fraudulent transfers of assets to the Trust to the extent necessary to satisfy Plaintiff's claim against Defendant Alain Kodsi in the Illinois Case;

3. Attachment and levy against the assets held in trust in favor of and for the benefit of Plaintiff, to secure the availability of that Property for satisfaction of the substantial obligation owed by Alain Kodsi to Plaintiff;

4. Impressing a constructive trust against the Trust assets to secure the availability of the assets for satisfaction of the substantial obligation owed by Alain Kodsi to Plaintiff; and

5. Issuance of an injunction against any further disposition of the assets of the Trust by Defendants Alain Kodsi and Louis Greco individually.

B. With respect to the Third and Fourth Claims for Relief, granting the following relief:

1. Entry of a money judgment in favor of Plaintiff, and against Defendants Alain Kodsi; Louis Greco, as successor trustee of the GAMCREFK Trust; the GAMCREFK Trust; Georgette Kodsi; and Foster, individually and as guardian of her children in an amount sufficient to satisfy Plaintiff's claim against Defendant Alain Kodsi or, in the alternative, the entry of a monetary judgment in favor of Plaintiff and against Defendants Alain Kodsi; Louis Greco, as successor trustee of the GAMCREFK Trust; the GAMCREFK Trust; Georgette Kodsi; and Foster, individually and as guardian of her children in an amount to be determined but no less than the judgment awarded to Sullivan in the Illinois case;

2. Setting aside the fraudulent transfers of assets to the Trust to the extent necessary to satisfy Plaintiff's claim against Defendant Alain Kodsi in the Illinois Case;

3. Attachment and levy against the assets held in trust in favor of and for the benefit of Plaintiff, to secure the availability of that Property for satisfaction of the substantial obligation owed by Alain Kodsi to Plaintiff;

4. Impressing a constructive trust against the Trust assets to secure the availability of the assets for satisfaction of the substantial obligation owed by Alain Kodsi to Plaintiff; and

        5. Issuance of an injunction against any further disposition of the assets of the Trust by Defendants Alain Kodsi; Louis Greco as trustee of the GAMCREFK Trust; the GAMCREFK Trust; Georgette Kodsi; and Foster, individually and as guardian of her children.

C. With respect to the First and Third Claims for Relief, awarding punitive damages based the willful, wanton, malicious and reckless disregard of the rights of Sullivan and other creditors.

D. Awarding Sullivan interest as well as the costs and disbursements of this litigation.

E. Awarding Sullivan reasonable attorneys' fees.

F. Granting such other and further relief to Sullivan as this Court deems necessary, just and/or appropriate under the circumstances.

Dated: May 26, 2004

                THE LAW OFFICES OF
                DAVID H. LATHAM
                David H. Latham
                150 North Wacker Drive
                Suite 1400
                Chicago, Illinois 60606
                (312) 782-1910


                BRYAN CAVE LLP

                By_____
                  Richard J. Schulman (RS 5512)
                1290 Avenue of the Americas
                New York, New York 10104-3300
                (212) 541-2000

                *Attorneys for Plaintiff Brian T. Sullivan*