UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN T. SULLIVAN, | : | |
| | : | |
| Plaintiff, | : | 04 CV 3994 (GEL) (JCF) |
| | : | |
| v. | : | |
| | : | |
| ALAIN KODSI; LOUIS GRECO, individually | : | |
| and as successor trustee of the GAMCREFK | : | |
| Trust; the GAMCREFK Trust; GEORGETTE | : | |
| KODSI; and RACHEL FOSTER, individually | : | |
| and as guardian of her children, | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF DAVID H. LATHAM

David H. Latham, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.     I am an attorney admitted to practice in the State of Illinois.  I represent the Plaintiff.  This declaration is submitted in opposition to Defendants' Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

2.     This declaration is based on my personal knowledge of this action and on review of the documents relating to the case Securities & Exchange Commission v. Rodolfo Luzardo, Elias Kodsi, and Alain Kodsi (01 Civ. 9206, USDC Southern District NY, 2001).

3.     I attach as exhibits to this Declaration true copies of the following documents:

Exhibit A     The Complaint in Securities & Exchange Commission v. Rodolfo Luzardo, Elias Kodsi, and Alain Kodsi (01 Civ. 9206, USDC Southern District NY, 2001).

Exhibit B     The judgment entered by Judge Chin against Alain Kodsi in Securities & Exchange Commission v. Rodolfo Luzardo, Elias Kodsi, and Alain Kodsi (01 Civ. 9206, USDC Southern District NY, 2001).

4.     Both Exhibits A and B are documents related to the case referred to in Paragraph 39(A) of Plaintiff's Complaint herein.

5.     Both Exhibits A and B are documents that were relied on by Plaintiff in drafting his Complaint in this cause.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Chicago, Illinois
       August 26, 2004

David H. Latham



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                            Plaintiff, :
                                       :
                                       :
                                       :
RODOLFO LUZARDO,  ELIAS I. KODSI,      :    COMPLAINT
and ALAIN D. KODSI,                    :
                                       :
                                       :
                           Defendants. :
_____       :

01 CV 9206

Plaintiff, the U.S. Securities and Exchange Commission ("the Commission") alleges:

## NATURE OF THE ACTION

1.     This insider trading case involves the unlawful purchase by defendant Elias

Kodsi of 30,000 shares of the securities of BetzDearborn Inc. ("BTL") through two numbered

Swiss bank accounts on the day before the July 30, 1998 announcement that BTL and

Hercules Incorporated ("Hercules") had signed a definitive merger agreement.  Elias Kodsi

was tipped about the impending merger by his son, defendant Alain Kodsi, who, in turn, was

tipped about the merger by defendant Rodolfo Luzardo ("Luzardo").  Luzardo was employed

in a unit of J.P. Morgan Securities, Inc. ("J.P. Morgan"), which was advising BTL about the

merger.  Elias Kodsi realized $963,750 by unlawfully acquiring BTL securities while in

possession of material nonpublic information he knew, or should have known, was stolen

from J.P. Morgan by his son's friend, Luzardo.

2.     By informing Alain Kodsi about the BTL merger with Hercules, Luzardo

unlawfully misappropriated material nonpublic information from J.P. Morgan in breach of his



duty to his employer. This nonpublic information was intended to be used solely for the business purposes of J.P. Morgan and its client, BTL, and not for personal gain. Alain and Elias Kodsi knew, or should have known, that Luzardo worked at J.P. Morgan and had misappropriated nonpublic information by tipping Alain Kodsi. Alain Kodsi unlawfully tipped his father, who then unlawfully purchased BTL securities.

3.      By virtue of the conduct alleged above, defendants violated antifraud provisions of the federal securities laws. The Commission requests that the Court enter injunctive relief against further violations of these laws, impose a substantial penalty on each defendant, and hold the defendants jointly and severally liable for disgorgement of all profits realized from the unlawful trading in BTL securities, plus prejudgment interest on that amount.

## JURISDICTION AND VENUE

4.      Defendants engaged in acts, practices, and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], through the means or instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange.

5.      This Court has jurisdiction under Sections 21(e), 21A(d)(4), and 27 of the Exchange Act [15 U.S.C. §§ 78u(e), 78u-1(d)(4), and 78aa]. Certain of the defendants' transactions, acts, practices, and courses of business occurred within this District, and venue is proper pursuant to Section 27 of the Exchange Act.

2

## DEFENDANTS

6.    Rodolfo Luzardo, age 27, a citizen of Venezuela, currently resides in Norwalk, Ohio. From July 1997 until his resignation on July 28, 1998, Luzardo worked for J. P. Morgan, a registered broker-dealer, in their headquarters office in New York. For the last nine months of his employment, Luzardo worked as an analyst in J.P. Morgan's North American M&A Chemicals Unit. In June 1998, Alain Kodsi hired Luzardo to work for Industrial Powder Coatings, Inc. ("IPC"), an Ohio manufacturing company.

7.    Elias I. Kodsi, age 74, a retired jewelry distributor, resides in Brooklyn, New York. Elias Kodsi asserted his Fifth Amendment privilege against self-incrimination when subpoenaed to testify in the Commission's investigation.

8.    Alain D. Kodsi, age 37, resides in Brooklyn, New York. Since 1997, Alain Kodsi has been a co-owner of MG Capital L.L.C. ("MG Capital"), a venture capital firm with offices in New York and Chicago. M.G. Capital owns an equity interest in IPC. Alain Kodsi asserted his Fifth Amendment privilege against self-incrimination when subpoenaed to testify in the Commission's investigation.

## OTHER ENTITIES

9.    BetzDearborn Inc. was a Pennsylvania corporation based in Trevose, Pennsylvania, that produced and marketed chemical treatment programs for water, wastewater, and industrial process systems. Prior to its merger with Hercules on October 15, 1998, BTL's common stock was registered with the Commission pursuant to Section 12(b) of the Exchange Act and was traded on the New York Stock Exchange.

10.    Hercules Inc. is a Delaware corporation based in Wilmington, Delaware, that

3



manufactures specialty chemical products for a variety of worldwide markets.

## COUNT I

**Violations of
Section 10(b) of the Exchange Act
[15 U.S.C. § 78j(b)] and Rule 10b-5
[17 C.F.R. § 240.10b-5] promulgated thereunder**

**J.P. Morgan Analyst Rodolfo Luzardo Learns of BTL's
Secret Plans to Merge with Hercules**

11.     As an employee of J.P. Morgan, Luzardo had a duty to maintain the confidentiality of information he learned during the course of his employment. The J.P. Morgan Worldwide Rules-General Standards of Conduct (1996) ("Rules") specifically prohibited an employee from disclosing any confidential client information. The Rules also provided that the obligation to protect the confidentiality of information continued after an employee left the firm. On February 4, 1998, Luzardo certified by e-mail that he had read and understood the Rules, and that he had complied with the Rules and would comply with them in the future.

12.     Beginning in February 1998, the M&A Chemicals Unit provided confidential advice to BTL concerning a business combination with Hercules. On June 23, 1998, J.P. Morgan signed an exclusive engagement letter with BTL, which required the firm to maintain the confidentiality of BTL's merger negotiations with Hercules.

13.     The M&A Chemicals Unit held regular weekly meetings of all members of the group for training purposes. All analysts, including defendant Luzardo, were required to attend these meetings. During these meetings, senior members of the M&A Chemicals Unit discussed projects on which members of the Unit were working, including merger

4

transactions. The information discussed was confidential and nonpublic. The BTL/Hercules

merger was discussed during at least two weekly meetings of the M&A Chemicals Unit.  At

one of these meetings, the discussion focused on defensive strategies that BTL might utilize to

fend off Hercules.  At the other meeting, there was a wide-ranging discussion of all aspects of

the BTL/Hercules merger negotiations.  Luzardo attended both of these meetings and learned

confidential, nonpublic information concerning the secret merger plans of BTL and Hercules.

14.    Luzardo had access to confidential documents used by J.P. Morgan in

connection with the advice it was providing to BTL during negotiations with Hercules.

Luzardo also was in a position to overhear conversations among members of the M&A

Chemicals Unit concerning BTL's negotiations with Hercules.

## Luzardo Tips his Friend and New Employer Alain Kodsi About the Merger, and Alain Kodsi in Turn Tips his Father Elias Kodsi who Purchases 30,000 BTL shares in Two Numbered Swiss Accounts

15.    In or about June 1998, Luzardo was given his performance appraisal and

received a bonus check from J.P. Morgan.  After comparing the size of his bonus with those

of other analysts in the M&A Chemicals Unit, Luzardo learned that he had been given the

lowest bonus amount.

16.    At about the time that Luzardo received his review from J.P. Morgan, he had a

conversation with his friend, defendant Alain Kodsi.  Luzardo worked for Alain Kodsi in

1996 and 1997 when they were both employed by another broker-dealer.  Alain Kodsi wrote a

letter of recommendation for Luzardo when Luzardo applied for a job at J.P. Morgan.

Luzardo helped Alain Kodsi open the Chicago office of MG Capital.

5

17.    During the June 1998 conversation, Alain Kodsi offered Luzardo a job with IPC. Luzardo accepted the job offer immediately.

18.    Luzardo did not disclose to J.P. Morgan that he had accepted a job offer with IPC. Luzardo began working for IPC while he continued to work at J.P. Morgan, including using vacation time during the first two weeks of July to travel to Ohio to work for IPC.

19.    On July 28, 1998, Luzardo informed his supervisors that he was resigning from J.P. Morgan, effective immediately.

20.    On the evening of July 28, 1998, beginning at approximately 5:25 p.m., there were a series of calls between Luzardo and Alain Kodsi in which Luzardo told Alain Kodsi that BTL was soon to merge with Hercules. At 5:25 p.m., Luzardo called MG Capital's New York office where Alain Kodsi worked. At 8:33 p.m., Alain Kodsi placed a call from his cell phone to Luzardo's number at the investment banker, followed at 8:34 p.m. by a call from Alain Kodsi's cell phone to Luzardo's home. At 11:35 p.m., a call was placed from Alain Kodsi's home to Luzardo's cell phone.

21.    On the evening of July 28, 1998, and continuing into the early morning of July 29, 1998, Alain Kodsi made a series of calls to his father, defendant Elias Kodsi, during which he tipped his father that BTL soon would be acquired by Hercules and that the information came from a source at J.P. Morgan.

22.    At 11:33 p.m. on July 28, a call was placed from Alain Kodsi's home to his father Elias Kodsi's home. At 3:00 a.m. on July 29, a call was placed from Alain Kodsi's home to his father Elias Kodsi's home, followed by calls at 3:47 a.m., 3:59 a.m., 4:08 a.m., and 7:04 a.m. At 7:21 a.m., a call was placed from Elias Kodsi's home to Alain Kodsi's

6



home, followed at 7:25 a.m. by a call from Alain Kodsi's home to Elias Kodsi's home, and at 7.54 a.m. by a call from Alain Kodsi's cell phone to his father's home.

23.    At 9:05 a.m. on July 29, Alain Kodsi placed a call from his cell phone to Luzardo's cell phone, and at 9:15 a.m. Alain Kodsi placed a call from his cell phone to Elias Kodsi's home.

24.    Before 9:50 a.m. on July 29, Elias Kodsi placed an order to purchase 25,000 BTL shares for his account numbered 523.130L.F., and 5,000 BTL shares for his account numbered 563.891.A.X., at the Union Bank of Switzerland in Geneva, Switzerland ("UBS-Geneva"). This order for 30,000 BTL shares was filled on the New York Stock Exchange. That same day, over $1 million was transferred into Elias Kodsi's two numbered Swiss accounts to pay for the purchase. The purchase of 30,000 BTL shares by Elias Kodsi was 13 percent of the 222,400 BTL shares traded on July 29, 1998.

25.    Following execution of the trade, at 11:24 a.m. on July 29, a call was placed from Elias Kodsi's home to his son Alain Kodsi's office at MG Capital. Shortly after this call was completed, three calls were placed from MG Capital to Luzardo's cell phone, at 11:47 a.m., at 11:49 a.m., and at 11:50 a.m.

26.    There were additional calls among the defendants during the afternoon of July 29. Three calls were made from MG Capital in New York to Elias Kodsi's home, at 1:02 p.m., 3:23 p.m., and 3:50 p.m. At 5:33 p.m., a call was placed from Elias Kodsi's home to Alain Kodsi's home. At 6:55 p.m., two calls were placed from Alain Kodsi's cell phone, the first to Luzardo's extension at J.P. Morgan and the second to Luzardo's cell phone.

27.    On July 30, 1998, at 6:04 a.m., BTL and Hercules issued a joint public

7



announcement that the two had agreed to merge and that Hercules would pay $72 per share for all outstanding BTL securities. The announcement had a dramatic effect on the price of BTL common stock. On July 29, 1998, the day before the merger was announced, BTL shares closed at $35.875 per share. On July 30, 1998, BTL stock opened at $68.25 per share, an increase of $32.375, or approximately 90% over the prior day's closing price.

28.    Beginning early in the morning on July 30, there were a series of calls between Elias Kodsi, Alain Kodsi, and Luzardo. At 7:40 a.m., a call was placed from Elias Kodsi's home to Alain Kodsi's home. At 9:29 a.m., a call was placed from Alain Kodsi's cell phone to Luzardo's cell phone. At 10:49 a.m., a call was placed from Elias Kodsi's home to MG Capital's New York office. At 11:37 a.m., a call was placed from MG Capital's New York office where Alain Kodsi worked to Elias Kodsi's home.

29.    At some time prior to 12:10 p.m. on July 30, Elias Kodsi ordered the sale of the 30,000 shares of BTL he had purchased the prior day.

30.    At 12:10 p.m. on July 30, 1998, ESI Securities in New York executed a sale of 30,000 shares of BTL. The proceeds from this sale were delivered to an account at Chase Manhattan in New York, for the benefit of UBS-Geneva. These funds were credited to Elias Kodsi's two numbered accounts at UBS-Geneva. The proceeds from the sale of the BTL securities were promptly transferred out of Elias Kodsi's two numbered Swiss accounts to another Swiss account that has not yet been identified. Elias Kodsi's total profit on the purchase and sale of the 30,000 BTL shares was $963,750.00.

31.    The purchase of 30,000 shares of BTL at a cost of over $1 million in Elias Kodsi's two numbered Swiss accounts was the first purchase of stock in these accounts since

8



1996. The cost of the purchase far exceeded any other single investment made in any of Elias Kodsi's known accounts since September 1996.

32.    Luzardo breached his fiduciary duty and misappropriated from J.P. Morgan material nonpublic information about BTL's confidential negotiations to merge with Hercules, and tipped that information to defendant Alain Kodsi, in breach of the duty of trust and confidence that Luzardo owed to J.P. Morgan and under circumstances in which it was foreseeable that Alain Kodsi would either use the information himself to buy BTL securities or tip others to do so.

33.    Defendants Alain Kodsi and Elias Kodsi knew, or should have known, that the information that BTL was to merge with Hercules was material nonpublic information that had been provided in breach of a duty of trust and confidence.

34.    Defendant Alain Kodsi tipped his father under circumstances in which it was reasonably foreseeable that defendant Elias Kodsi would use the information to purchase BTL securities.

35.    By virtue of the conduct alleged in paragraphs 1-34 herein, each defendant, directly or indirectly, in connection with trading BTL common stock, by use of the means and instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange: (1) employed devices, schemes, or artifices to defraud; (2) made untrue statements of material facts, or omitted to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; or (3) engaged in acts, practices, or transactions which operated as a fraud or deceit upon purchasers or sellers of securities or upon other persons, in connection with the purchase or



sale of securities.

36.     By reason of the foregoing acts, practices, and transactions, each defendant

violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder

[17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

### I.

Grant a Final Judgment of Permanent Injunction restraining and enjoining each

defendant and their agents, servants, employees, attorneys-in-fact, and assigns and those

persons in active concert or participation with them, and each of them, from violating Section

10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §

240.10b-5].

### II.

Order the defendants jointly and severally to disgorge illegal trading profits plus

prejudgment interest thereon.

### III.

Order each defendant to pay civil penalties under the Insider Trading and Securities

Fraud Enforcement Act of 1988, Section 21A of the Exchange Act [15 U.S.C. § 78u-1].



## IV.

Grant such other relief as this Court may deem just and appropriate.

Dated: October / 7, 2001

Respectfully submitted,

_____
Robert B. Blackburn (RBB1545)

_____
James A. Kidney
William R. Baker III
Antonia Chion
John B. Bulgozdy
John P. Sherry

Local counsel for Plaintiff
Securities and Exchange Commission
233 Broadway
New York, New York 10279
(646) 428-1610

Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0810
(202) 942-4797 (Kidney)
(202) 942-9581 (Fax)

11

.

*Return To Cashiers*
*NOTE: Interest Bearing Acct ___ # 7*   *CHK/S*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U. S. DISTRICT COURT
FILED
APR 25 2002
S. D. OF N. Y.

---

SECURITIES AND EXCHANGE COMMISSION,               :

     **Plaintiff**,        :

             :

     **v.**          :   01 Civ. 9206 (DC)

             :   #02, 0766

RODOLFO LUZARDO, ELIAS I. KODSI,   :
and ALAIN D. KODSI,

             :

     **Defendants**.     :

             :

---

### FINAL JUDGMENT AS TO
### DEFENDANTS ELIAS I. KODSI AND ALAIN D. KODSI

This Court having determined that:

1.  Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION")
duly commenced this action by filing its COMPLAINT;

2.  Defendants ELIAS I. KODSI and ALAIN D. KODSI in the attached CONSENT OF
ELIAS I. KODSI and CONSENT OF ALAIN D. KODSI (the "CONSENTS"), the provisions of
which are expressly incorporated herein, have entered a general appearance; admitted the
jurisdiction of this Court over them and over the subject matter of this action; waived filing of an
answer and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal
Rules of Civil Procedure; waived any right which they may have to appeal from this FINAL
JUDGMENT AS TO DEFENDANTS ELIAS I. KODSI AND ALAIN D. KODSI ("FINAL
JUDGMENT"); and, without admitting or denying any of the allegations of the COMPLAINT
except as to jurisdiction, consent to the entry of this FINAL JUDGMENT; and

MICROFILM -9:09 AM
APR 2 6 2002

3.      This Court has jurisdiction over ELIAS I. KODSI and ALAIN D. KODSI and the subject matter of this action and it appearing that there is no just reason for delay and there is sufficient basis herein for the entry of this FINAL JUDGMENT:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that ELIAS I. KODSI and ALAIN D. KODSI, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this FINAL JUDGMENT by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, by:

(1)      employing any device, scheme or artifice to defraud;

(2)      making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3)      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that ELIAS I. KODSI and ALAIN D. KODSI pay jointly and severally disgorgement in the amount of $963,750, representing their alleged illegal profits as a result of the conduct alleged in the

COMPLAINT, together with prejudgment interest in the amount of $308,992. ELIAS I. KODSI and ALAIN D. KODSI shall pay this obligation by paying $1,272,742 into the Registry of the Court either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur. Such payment shall be made by cashier's check, certified check, or bank money order payable to the "Clerk, United States District Court, Southern District of New York," and submitted with a cover letter that identifies ELIAS I. KODSI and ALAIN D. KODSI as defendants in this action, the caption and civil action number of this action, and the name of this Court. The Clerk shall hold these funds in the Registry, in an interest-bearing account, pending further order. By making this payment, ELIAS I. KODSI and ALAIN D. KODSI relinquish all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to them. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that ELIAS I. KODSI pay a civil penalty in the amount of $963,750 pursuant to Section 21A(a) of the Insider Trading and Securities Fraud Enforcement Act of 1988 [15 U.S.C. § 78u-1(a)]. Either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur, ELIAS I. KODSI shall pay the full amount of civil penalty specified above, by cashier's check, certified check, or bank money order payable to the "Securities and Exchange Commission." Such payment shall be sent to the Office of Financial Management, Attn. Comptroller, Mail Stop 0-3, Securities Exchange Commission, 6432 General Green Way, Alexandria, VA 22312, and submitted with a cover letter that identifies ELIAS I. KODSI as a

defendant in this action, the caption and civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that ALAIN D. KODSI pay a civil penalty in the amount of $963,750 pursuant to Section 21A(a) of the Insider Trading and Securities Fraud Enforcement Act of 1988 [15 U.S.C. § 78u-1(a)]. Either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur, ALAIN D. KODSI shall pay the full amount of civil penalty specified above, by cashier's check, certified check, or bank money order payable to the "Securities and Exchange Commission." Such payment shall be sent to the Office of Financial Management, Attn. Comptroller, Mail Stop 0-3, Securities Exchange Commission, 6432 General Green Way, Alexandria, VA 22312, and submitted with a cover letter that identifies ALAIN D. KODSI as a defendant in this action, the caption and civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the annexed CONSENTS be, and hereby are, incorporated herein with the same force and effect as if fully set forth herein.

4

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this FINAL JUDGMENT.

## VII.

There being no just reason for delay in the entry of this FINAL JUDGMENT, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court orders that this FINAL JUDGMENT shall be entered without further notice.

UNITED STATES DISTRICT JUDGE

Dated: _____4/2-3_____, 2002

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _4/2-6/02_

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | 01 Civ. 9206 (DC) |
| RODOLFO LUZARDO, ELIAS I. KODSI, and ALAIN D. KODSI, | : | |
| Defendants. | : | |

## CONSENT OF ELIAS I. KODSI

1.    Defendant ELIAS I. KODSI hereby enters a general appearance in this case, admits the jurisdiction of this Court over him and over the subject matter of this action, and waives the filing of an answer in this action by Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION").

2.    ELIAS I. KODSI, without admitting or denying the allegations of the COMPLAINT, except as to the jurisdiction of this Court over him and over the subject matter of this action, which he admits, hereby consents to the entry of the FINAL JUDGMENT AS TO DEFENDANTS ELIAS I. KODSI AND ALAIN D. KODSI ("FINAL JUDGMENT"), a copy of which is annexed hereto and incorporated herein by reference, permanently restraining and enjoining him from future violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.

3.    ELIAS I. KODSI waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    ELIAS I. KODSI waives any right which he may have to appeal from the entry of the FINAL JUDGMENT.

5.    ELIAS I. KODSI agrees that this CONSENT OF ELIAS I. KODSI ("CONSENT") shall be incorporated by reference into the FINAL JUDGMENT.

6.    ELIAS I. KODSI enters into this CONSENT freely, voluntarily, and of his own accord and acknowledges that no threats, offers, promises, or inducements have been made by the COMMISSION or any member, officer, employee, agent, or representative of the COMMISSION to induce him to enter into this CONSENT.

7.    ELIAS I. KODSI agrees that he will not oppose the enforcement of the FINAL JUDGMENT on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

8.    ELIAS I. KODSI agrees that the FINAL JUDGMENT may be presented by the COMMISSION to the Court for signature and entry without further notice.

9.    ELIAS I. KODSI waives service of the FINAL JUDGMENT entered herein upon him and agrees that entry of the FINAL JUDGMENT by the Court, and its filing with the Clerk of the United States District Court for the Southern District of New York, will constitute notice to him of the terms and conditions of the FINAL JUDGMENT.

10.    ELIAS I. KODSI agrees and undertakes to disgorge $963,750, plus prejudgment interest thereon in the amount of $308,992, jointly and severally with defendant ALAIN D. KODSI. ELIAS I. KODSI and ALAIN D. KODSI shall pay this obligation by paying $1,272,742 into the

2

Registry of the Court either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur. Such payment shall be made by cashier's check, certified check, or bank money order payable to the "Clerk, United States District Court, Southern District of New York," and submitted with a cover letter that identifies ELIAS I. KODSI and ALAIN D. KODSI as defendants in this action, the caption and civil action number of this action, and the name of this Court. By making this payment, ELIAS I. KODSI and ALAIN D. KODSI relinquish all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to them. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

11. ELIAS I. KODSI agrees to pay a civil penalty of $963,750 pursuant to Section 21A(a) of the Insider Trading and Securities Fraud Enforcement Act of 1988 [15 U.S.C. Section 78u-1(a)]. Such payment shall be made either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur. Such payment shall be sent to the Office of Financial Management, Attn. Comptroller, Mail Stop 0-3, Securities Exchange Commission, 6432 General Green Way, Alexandria, VA 22312, and submitted with a cover letter that identifies ELIAS I. KODSI as a defendant in this action, the caption and civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

3

12.    ELIAS I. KODSI understands and agrees that this CONSENT and the FINAL JUDGMENT embody the entire agreement and understanding by and between him and the COMMISSION relating to the settlement of this action. ELIAS I. KODSI further understands and agrees that there are no express or implied promises, representations, or agreements between him and the COMMISSION other than those expressly set forth or referred to in the documents described in this paragraph and that nothing in those documents is binding on any other agency of government, whether state, local, or federal.

13.    ELIAS I. KODSI agrees that this Court shall retain jurisdiction of this matter for all purposes including implementation and enforcement of the FINAL JUDGMENT.

14.    ELIAS I. KODSI acknowledges and agrees that this proceeding and his CONSENT is for the purposes of resolving this proceeding only, in conformity with the provisions of 17 C.F.R. 202.5(f), and does not resolve, affect, or preclude any other proceeding which may be brought against him. Consistent with the provisions of 17 C.F.R. 202.5(f), ELIAS I. KODSI waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. ELIAS I. KODSI acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

4

15.    ELIAS I. KODSI hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by ELIAS I. KODSI to defend against this action. For these purposes, ELIAS I. KODSI agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

16.    ELIAS I. KODSI understands and agrees to comply with the COMMISSION'S policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. §202.5). In compliance with this policy, ELIAS I. KODSI agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the COMPLAINT or creating the impression that the COMPLAINT is without factual basis. If ELIAS I. KODSI breaches this agreement, the staff of the COMMISSION'S Division of Enforcement may petition the Court to vacate the FINAL JUDGMENT and restore this action to its active

5

docket. Nothing in this provision affects ELIAS I. KODSI'S: (i) testimonial obligations; or (ii)

right to take legal positions in litigation in which the COMMISSION is not a party.

_____
ELIAS I. KODSI

Dated: 4/2/ , 2002

On this 2ⁿᵈ day of April , 2002, ELIAS I. KODSI, being known to me and who executed the foregoing CONSENT OF ELIAS I. KODSI, personally appeared before me and did duly acknowledge to me that they executed the same.

_____
Notary Public

My commission expires _____

MICHAEL SCHNEIDER
Notary Public, State of New York
No. 01SC5062337
Qualified in Orange County
Certificate Filed in New York County
Commission Expires June 24, 20 5 2

Approved as to form:

David Spears, Esq.
Richards, Spears, Kibbe & Orbe
One Chase Manhattan Plaza
New York, N.Y. 10005
(212) 530-1830
Counsel to ELIAS I. KODSI

Dated: April 2 , 2002

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | 01 Civ. 9206 (DC) |
| RODOLFO LUZARDO, ELIAS I. KODSI, and ALAIN D. KODSI | : | |
| Defendants. | : | |

NOTICE OF FILINGS

To:  The Clerk of Court

Please take notice that plaintiff Securities and Exchange Commission and

defendants Elias I. Kodsi and Alain D. Kodsi have filed today the attached CONSENT

OF ELIAS I. KODSI and CONSENT OF ALAIN D. KODSI together with a proposed

FINAL JUDGMENT AS TO DEFENDANTS ELIAS I. KODSI AND ALAIN D. KODSI,

to be entered by the Court.

James A. Kidney (JK 5830) (Lead Counsel)
Robert B. Blackburn (RBB1545) (Local Counsel)
Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0911
(202) 942-4797 (Kidney)
(202) 942-9581 (Fax)

Date: _April 16, 2002_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RODOLFO LUZARDO, ELIAS I. KODSI,<br>and ALAIN D. KODSI,<br><br>Defendants. | :<br>:<br>:<br>:<br>:   01 Civ. 9206 (DC)<br>:<br>:<br>:<br>:<br>: |

## CONSENT OF ALAIN D. KODSI

1.     Defendant ALAIN D. KODSI hereby enters a general appearance in this case, admits the jurisdiction of this Court over him and over the subject matter of this action, and waives the filing of an answer in this action by Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION").

2.     ALAIN D. KODSI, without admitting or denying the allegations of the COMPLAINT, except as to the jurisdiction of this Court over him and over the subject matter of this action, which he admits, hereby consents to the entry of the FINAL JUDGMENT AS TO DEFENDANTS ELIAS I. KODSI and ALAIN D. KODSI ("FINAL JUDGMENT"), a copy of which is annexed hereto and incorporated herein by reference, permanently restraining and enjoining him from future violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.



3.    ALAIN D. KODSI waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    ALAIN D. KODSI waives any right which he may have to appeal from the entry of the FINAL JUDGMENT.

5.    ALAIN D. KODSI agrees that this CONSENT OF ALAIN D. KODSI ("CONSENT") shall be incorporated by reference into the FINAL JUDGMENT.

6.    ALAIN D. KODSI enters into this CONSENT freely, voluntarily, and of his own accord and acknowledges that no threats, offers, promises, or inducements have been made by the COMMISSION or any member, officer, employee, agent, or representative of the COMMISSION to induce him to enter into this CONSENT.

7.    ALAIN D. KODSI agrees that he will not oppose the enforcement of the FINAL JUDGMENT on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

8.    ALAIN D. KODSI agrees that the FINAL JUDGMENT may be presented by the COMMISSION to the Court for signature and entry without further notice.

9.    ALAIN D. KODSI waives service of the FINAL JUDGMENT entered herein upon him and agrees that entry of the FINAL JUDGMENT by the Court, and its filing with the Clerk of the United States District Court for the Southern District of New York, will constitute notice to him of the terms and conditions of the FINAL JUDGMENT.

10.    ALAIN D. KODSI agrees and undertakes to disgorge $963,750, plus prejudgment interest thereon in the amount of $308,992, jointly and severally with defendant ELIAS I. KODSI. ALAIN D. KODSI and ELIAS I. KODSI shall pay this obligation by paying $1,272,742 into the

Registry of the Court either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur. Such payment shall be made by cashier's check, certified check, or bank money order payable to the "Clerk, United States District Court, Southern District of New York," and submitted with a cover letter that identifies ALAIN D. KODSI and ELIAS I. KODSI as defendants in this action, the caption and civil action number of this action, and the name of this Court. By making this payment, ALAIN D. KODSI and ELIAS I. KODSI relinquish all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to them. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

11.    ALAIN D. KODSI agrees to pay a civil penalty of $963,750 pursuant to Section 21A(a) of the Insider Trading and Securities Fraud Enforcement Act of 1988 [15 U.S.C. Section 78u-1(a)]. Such payment shall be made either within ten (10) days of the entry of the FINAL JUDGMENT or July 6, 2002, whichever of these dates shall be the last to occur. Such payment shall be sent to the Office of Financial Management, Attn. Comptroller, Mail Stop 0-3, Securities Exchange Commission, 6432 General Green Way, Alexandria, VA 22312, and submitted with a cover letter that identifies ALAIN D. KODSI as a defendant in this action, the caption and civil action number of this action, and the name of this Court. A copy of the cover letter and money order or check shall also be sent to John P. Sherry, Senior Counsel, Mail Stop 0810, Division of Enforcement, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0810.

3

12.    ALAIN D. KODSI understands and agrees that this CONSENT and the FINAL JUDGMENT embody the entire agreement and understanding by and between him and the COMMISSION relating to the settlement of this action. ALAIN D. KODSI further understands and agrees that there are no express or implied promises, representations, or agreements between him and the COMMISSION other than those expressly set forth or referred to in the documents described in this paragraph and that nothing in those documents is binding on any other agency of government, whether state, local, or federal.

13.    ALAIN D. KODSI agrees that this Court shall retain jurisdiction of this matter for all purposes including implementation and enforcement of the FINAL JUDGMENT.

14.    ALAIN D. KODSI acknowledges and agrees that this proceeding and his CONSENT is for the purposes of resolving this proceeding only, in conformity with the provisions of 17 C.F.R. 202.5(f), and does not resolve, affect, or preclude any other proceeding which may be brought against him. Consistent with the provisions of 17 C.F.R. 202.5(f), ALAIN D. KODSI waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. ALAIN D. KODSI acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

4

15.     ALAIN D. KODSI hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by ALAIN D. KODSI to defend against this action. For these purposes, ALAIN D. KODSI agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

16.     ALAIN D. KODSI understands and agrees to comply with the COMMISSION'S policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. §202.5). In compliance with this policy, ALAIN D. KODSI agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the COMPLAINT or creating the impression that the COMPLAINT is without factual basis. If ALAIN D. KODSI breaches this agreement, the staff of the COMMISSION'S Division of Enforcement may petition the Court to vacate the FINAL JUDGMENT and restore this action to its active

5



docket. Nothing in this provision affects ALAIN D. KODSI'S: (i) testimonial obligations; or (ii)

right to take legal positions in litigation in which the COMMISSION is not a party.

Dated: __4/3__ , 2002                                    _____
                                                          ALAIN D. KODSI


        On this __4th__ day of __APRIL__ , 2002, ALAIN D. KODSI, being known to me and who
executed the foregoing CONSENT OF ALAIN D. KODSI, personally appeared before me and did
duly acknowledge to me that they executed the same.

_____
Notary Public

                                                FRED DOUGLAS WAY III
                                        Attorney & Counsellor at Law, State of New York
                                                No. 02WA5075592
                                             Qualified in Kings County
                                          Commission Expires April , 2007

My commission expires _____.

Approved as to form:

_____
William J. Schwartz, Esq.              Dated: __April 3__ , 2002
Kornish Lieb Weiner & Hellman
1114 Avenue of the Americas
New York, N.Y. 10036
(212) 479-6290
Counsel to ALAIN D. KODSI

6