UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN T. SULLIVAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALAIN KODSI; LOUIS GRECO, individually<br>and as successor trustee of the GAMCREFK<br>Trust; the GAMCREFK Trust; GEORGETTE<br>KODSI; and RACHEL FOSTER, individually<br>and as guardian of her children,<br><br>                    Defendants. | 04 CV 3994 (GEL) (JCF) |

## DECLARATION OF DAVID H. LATHAM

David H. Latham, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.       I am an attorney admitted to practice in the State of Illinois. I represent the Plaintiff, Brian T. Sullivan. This declaration is submitted in support of Plaintiff's Motion to strike Paragraphs 4 through 12 of the Declaration of Jonathan A. Willens.

2.       This declaration is based on my personal knowledge of this action and Sullivan's suits against Kodsi in Illinois and against two predecessor trustees to Kodsi's Trust in Delaware and Pennsylvania.

3.       Paragraph 4 of Mr. Willens' declaration contains a false statement which could only be based on hearsay. Mr. Willens claims that the trial court in Illinois denied Sullivan's motion for preliminary injunction. Mr. Willens was not present when the motion for preliminary injunction was set for presentment. Thus, Mr. Willens recount of what happened must be based on hearsay from Kodsi's Illinois counsel. Moreover, Mr. Willens is incorrect. Mr. Sullivan's motion for preliminary injunction was withdrawn, not denied. Attached hereto as Exhibit A is a

true and correct copy of the Illinois trial court's order of April 21, 2004. Paragraph 1 of Exhibit A states: "Plaintiff's Motion for Preliminary Injunction is withdrawn."

    4.    Mr. Willens' statement in Paragraph 5 that all of Sullivan' previous complaints were dismissed is wrong. The Illinois trial court dismissed *without prejudice* portions of some of the previous complaints and gave Sullivan leave to replead. Some of Sullivan's claims have been dismissed with prejudice just as have some of Kodsi's claims and defenses. None of Sullivan's complaints have been dismissed in their entirety. Kodsi's motion to dismiss the Second Amended Complaint was denied in its entirety.

    5.    Paragraphs 7 and 8 of Mr. Willens' declaration attempt to summarize two other suits by Sullivan. Mr. Sullivan's Pennsylvania suit is against Alain Kodsi as the transferor and the second successor trustee of Kodsi's trust, John Scott Geddes, individually as the transferee and subsequent transferee of Kodsi's fraudulent conveyances. The relief Mr. Sullivan seeks in the Pennsylvania suit is separate from and in addition to any relief Mr. Sullivan seeks in the instant case.

    6.    Mr. Sullivan's suit in Delaware is against Kodsi as the transferor and the third successor trustee, Neuberger Berman Trust Company of Delaware, individually as the subsequent transferee of Kodsi's fraudulent conveyances. The relief Mr. Sullivan seeks in the Delaware suit is separate from and in addition to any relief Mr. Sullivan seeks in the instants case. Kodsi has moved to dismiss the claims against him in the Delaware case based on a lack of personal jurisdiction.

    7.    Paragraph 8 of Mr. Willens' Declaration attempts to speculate as to Sullivan and my motive for filing suit in New York, Delaware, and Pennsylvania. I take great umbrage to Mr. Willens' unsubstantiated and false claim that my motive, or the motive of Mr. Sullivan, for filing suit in Pennsylvania and Delaware is to increase Kodsi's litigation costs.

8.    The New York, Delaware, and Pennsylvania cases were filed following the predecessor trustee's successful motion to dismiss for lack of personal jurisdiction in the Illinois litigation. Following the dismissal of the predecessor trustee, Sullivan filed three suits against all possible defendants arising out of Kodsi's fraudulent conveyances. Three separate suits were filed out of an abundance of caution since it was not clear that personal jurisdiction over all of the defendants could be obtained in one place.

9.    Contrary to Mr. Willens' assertion, neither I nor Mr. Sullivan have any desire to increase anybody's litigation expenses. In fact, I offered to Mr. Willens and to Jeffrey Dunlap (Kodsi's lead counsel in Illinois, Pennsylvania, and Delaware), to bring or consolidate all of Mr. Sullivan's claims in a single forum to save everybody costs. Neither Mr. Willens nor Mr. Dunlap have accepted my offer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Dated: Chicago, Illinois
       August 26, 2004

                                        David H. Latham

Atty No. 34878

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRIAN T. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 L 1973 |
| ) | |
| ALAIN KODSI, ANTONIO GRACIAS, MG ) | Judge Ronald F. Bartkowicz |
| CAPITAL LLC., INDUSTRIAL POWDER ) | |
| COATINGS ACQUISITION CORP., AMAX ) | Jury Trial Demanded |
| PLATING, INC., an Illinois corporation, AJG ) | |
| REAL ESTATE LLC, AJG GROWTH FUND ) | |
| LLC, AJG MG LLC, and NEUBERGER ) | |
| BERMAN TRUST COMPANY OF ) | |
| DELAWARE as trustee of the GAMCREFK ) | |
| TRUST, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This Cause coming before the Court on Plaintiff's Motion for a Preliminary Injunction and on Plaintiff's Motion for Supreme Court Rule 304(a) finding as to the Court's Order of April 12, 2004, due notice having been given, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1.      Plaintiff's Motion for Preliminary Injunction is withdrawn;

2.      Hearing having been held on Plaintiff's Motion for Preliminary Injunction, the Court's Order of April 16, 2004 shall expire by its own terms;

3.      Plaintiff's Motion for Supreme Court Rule 304 finding as to the Court's Order of April 12, 2004 is granted, and the Court finds no just reason to delay enforcement or appeal of the Court's April 12, 2004 Order;

4.      Defendant Alain Kodsi is hereby ordered to provide counsel for Sullivan by e-mail to dhlatham@lathamlaw.net at least ten days prior notice of any appointment by Alain Kodsi of a successor trustee or additional trustee to Neuberger Berman Trust Company of Delaware as trustee of the GAMCREFK trust;

5.    Defendant Alain Kodsi is hereby ordered to notify counsel for Sullivan by e-mail to dhlatham@lathamlaw.net within forty-eight hours of the resignation of Neuberger Berman Trust Company of Delaware as trustee of the GAMCREFK trust; and

6.    Within twenty-four hours of the acceptance of the office of trustee by the successor or additional trustee, Defendant Alain Kodsi is hereby ordered to provide counsel for Sullivan by e-mail to dhlatham@lathamlaw.net the name and address of any successor or additional trustee to Neuberger Berman Trust Company of Delaware as trustee of the GAMCREFK trust.

Jeffrey S. Dunlap
Attorneys for Alain Kodsi
Ulmer & Berne LLP
1300 East Ninth Street
Suite 900
Cleveland, Ohio 44114
(216) 931-6000
Atty No. 12703

Law Offices of David H. Latham
Attorneys For Plaintiff
150 North Wacker Drive
Suite 1400
Chicago, Illinois 60606
(312) 782-1910
Atty No. 34878

ENTERED _____ 20 __

APR 2 3 2004

ENTER:

JUDGE

RONALD F. BARTKOWICZ - 195 A

_____    _____
        Judge              Judge's No.