UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN T. SULLIVAN, | : |
|       Plaintiff, | :   04 CV 3994 (GEL) (JCF) |
| v. | : |
| ALAIN KODSI; LOUIS GRECO, individually and as successor trustee of the GAMCREFK Trust; the GAMCREFK Trust; GEORGETTE KODSI; and RACHEL FOSTER, individually and as guardian of her children, | : |
|       Defendants. | : |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE THE DECLARATION OF JONATHAN A. WILLENS

Plaintiff Brian T. Sullivan respectfully submits this memorandum of law in support of his motion to strike Paragraphs 4 through 8 of the Declaration of Jonathan A. Willens.

### I. INTRODUCTION

Presently pending before this Court is Defendants' Rule 12(b)(6) motion to dismiss. On a Rule 12(b)(6) motion to dismiss, the court must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference. See Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir.1999); see Cortec Industries, Inc. v. Sum Holdings, L.P., 949 F.2d 42, 47 (2d Cir.1991), cert. den., 503 U.S. 960, 112 S. Ct. 1561 (1992). In support of their Motion, Defendants submitted the Declaration of Jonathan Willens which attempts to introduce purported facts which go well beyond these limitations. As a result, Paragraphs 4 through 12 of Mr. Willens' Declaration should be stricken for a variety of reasons including:

- The statements in Paragraphs 4 though 12 are opinions, speculation, and purported facts which do not appear in Plaintiff's Complaint or any material properly considered by this Court.
- The statements are overwhelmingly not facts which Mr. Willens can testify to, but are Mr. Willens' argument, opinion, speculation, and conjecture based on hearsay.
- Many of the purported facts are demonstratively false.

## II. ARGUMENT

### A. Paragraph 4

Paragraph 4 of Mr. Willens' declaration attempts to summarize Sullivan's pleadings in Illinois. The pleading, which the Court can review for itself, is attached to Mr. Willens' Declaration as Exhibit B. Mr. Willens' summary of the Illinois litigation is irrelevant on a motion to dismiss. Moreover, Mr. Willens' attempt to deride Sullivan's claims as based on an oral agreement is belied by the pleading he purports to summarize. The Illinois Court has already held that:

> More importantly, [Kodsi has] admitted that the oral agreement existed and that the subject matter of that agreement–to share in the profits– is the same as alleged in the Second Amended Complaint.

(Declaration of Jonathan Willens, Ex. B, ¶ 10)

Paragraph 4 of Mr. Willens' Declaration also contains a false statement which could only have been based on hearsay. Mr. Willens claims that the trial court in Illinois denied Sullivan's motion for preliminary injunction. (Declaration of Jonathan Willens, ¶ 4) Mr. Willens was not present when Sullivan's motion for preliminary injunction was set for presentment. (Declaration of David H. Latham, ¶ 3) Thus, his recount of what happened could only be based on hearsay from Kodsi's Illinois counsel. Moreover, Mr. Willens is incorrect. Mr. Sullivan's motion for

preliminary injunction was withdrawn, not denied. (Declaration of David H. Latham, ¶ 3, Ex. A, ¶ 1) Paragraph 1 of Exhibit A to the Declaration of David H. Latham states: "Plaintiff's Motion for Preliminary Injunction is withdrawn."

Accordingly, Paragraph 4 should be stricken.

**B.**   **Paragraph 5**

Mr. Willens affirmatively states in Paragraph 5 that all of Sullivan's previous complaints were dismissed. First, Mr. Willens' statement is not true. Second, to the extent that Mr. Willens' statement is partially true, a full grasp of the prior pleadings in Illinois would require a dissertation on the Illinois practice and the difference between Illinois and Federal pleading requirements all of which amply demonstrate why Mr. Willens "testimony" is inappropriate on a Rule 12(b)(6) motion to dismiss. Nevertheless, a brief history is possible. The Illinois trial court did dismiss *without prejudice* portions of some of Sullivan's previous complaints and gave Sullivan leave to replead. (Declaration of David H. Latham, ¶ 4) Some of Sullivan's claims (not complaints) have been dismissed with prejudice just as have some of Kodsi's claims and defenses. (Declaration of David H. Latham, ¶ 4) Kodsi's motion to dismiss the Second Amended Complaint was denied in its entirety. (Declaration of David H. Latham, ¶ 4) At any rate, whether Sullivan has filed one complaint or filed numerous amended complaints in Illinois is irrelevant to Defendants' Rule 12(b)(6) motion to dismiss.

Accordingly, Paragraph 5 should be stricken.

**C.**   **Paragraphs 7 and 8**

Paragraphs 7 and 8 of Mr. Willens' declaration attempt to summarize two other suits brought by Sullivan in Delaware and Pennsylvania. Mr. Willens did not attach the complaints in those cases to his declaration. Had he, it would have been evident that Sullivan's claims in

Pennsylvania and Delaware are entirely separate from these proceedings. (Declaration of David H. Latham, ¶ 5) Moreover, with the exception of Alain Kodsi, the defendants in the Pennsylvania and Delaware cases are not the same as those named here. (Declaration of David H. Latham, ¶ 5)

In addition, Paragraph 8 of Mr. Willens' declaration attempts to impute an improper motive to Sullivan and his counsel for filing claims in Delaware and Pennsylvania as well as here. Initially, Sullivan filed a single suit in Illinois seeking to resolve all claims in a single forum. The predecessor trustee of Kodsi's Trust chose to object to a single suit and successfully moved to dismiss for lack of personal jurisdiction. (Declaration of David H. Latham, ¶ 8) As a result, and in an effort to maximize his ability to collect an anticipated judgment in Illinois and to avoid statute of limitations issues, Sullivan filed claims in New York, Delaware, and Pennsylvania against the current trustee of Kodsi's trust as well as two predecessor trustees. (Declaration of David H. Latham, ¶ 8) Three suits were filed in separate states in an abundance of caution since it was not clear that personal jurisdiction over all of the defendants could be obtained in one place. (Declaration of David H. Latham, ¶ 8) Notably, Kodsi has moved to dismiss the Delaware claim for lack of personal jurisdiction.

Mr. Willens' assertion that Sullivan is improperly trying to increase Kodsi's litigation expense is belied by the above explanation as well as Sullivan's proffered alternative. Mr. Sullivan, through his counsel, offered to bring or consolidate all of his claims in a single forum to save everybody costs – there have been no takers including the parties Mr. Willens represents. (Declaration of David H. Latham, ¶ 9)

Accordingly, Paragraphs 7 and 8 of Mr. Willens' declaration are irrelevant to a rule 12(b)(6) motion. Paragraphs 7 and 8 should be stricken.

**D.    Paragraphs 9 and 10**

Paragraphs 9 and 10 of Mr. Willens' Declaration purport to interpret Kodsi's Trust Agreement. Mr. Willens' testimony is improper and irrelevant. Likewise, Mr. Willens' legal opinion as to the differences between Kodsi's trust and an asset protection trust is irrelevant and unsupported by any facts suggesting that Mr. Willens is qualified to give such an opinion.

Accordingly, Paragraphs 9 and 10 of Mr. Willens' Declaration are irrelevant and should be stricken.

**E.    Paragraphs 11 and 12**

Paragraph 11 and 12 of Mr. Willens' declaration attempt to interpret and spin Kodsi's testimony in the Illinois litigation. Mr. Willens' "interpretation" of Mr. Kodsi's testimony is argument and not fact. Moreover, it is wrong. Mr. Willens concedes that Kodsi testified that the Trust was created to shield his assets from his business activities. However, Mr. Willens, while attempting to interpret Kodsi's testimony, argues that: "When asked to specify these business activities, Mr. Kodsi testified that Connector Service Corporation had 'potential environmental liabilities,' and the transfer of CSC stock to the trust was timed to avoid imputing those liabilities to the Trust." (Declaration of Jonathan Willens, ¶ 12) The best evidence of Kodsi's testimony is his own words. During his deposition, Kodsi testified regarding the purpose of his Trust:

> Q.    In your mind, why did you form [the Trust]?
>
> A.    I formed it in order to provide security for my mother and my wife and to insulate investments from any business activities that I was involved with.
>
> Q.    What business activities?
>
> A.    Anything that I would be doing.

(Declaration of Jonathan Willens, Ex. C., p. 376, lines 7-15)  Thus, when Kodsi was asked to specify the business activities he was trying to shield his assets from, Kodsi testified: "***Anything that I would be doing.***" (Declaration of Jonathan Willens, Ex. C., p. 376, lines 7-15) (emphasis supplied).  Mr. Willens' attempt (argument) to limit "business activities" to Connector Service Corporation is not supported by Mr. Kodsi's testimony.

Paragraphs 11 and 12 of Mr. Willens' declaration are improper, irrelevant, and wrong. Paragraphs 11 and 12 should be stricken.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court strike Paragraphs 4 through 12 of Jonathan Willens' declaration.

Dated: August 27, 2004

> THE LAW OFFICES OF DAVID H. LATHAM
> David H. Latham
> 150 North Wacker Drive
> Suite 1400
> Chicago, Illinois 60606
> (312) 782-1910
>
> LAW OFFICE OF DANIEL L. ABRAMS, PLLC
>
> By: _____
> Daniel L. Abrams
> Law Office of Daniel L. Abrams, PLLC
> 67 Wall Street, 22nd Floor
> New York, NY 10005-3111
> (212) 245-1810
>
> *Attorneys for Plaintiff Brian T. Sullivan*